# Queen Insurance Co. of North America v. Vines.

*Action on Policy.*

(Decided December 22, 1911. 57 South. 444.)

*Insurance; Iron Safe Clause; Performance.*—The evidence in this case examined and held to show a substantial compliance with the clause in the policy, requiring an inventory, and a complete set of books, showing the business, to be kept in an iron safe, notwithstanding the books were not as full and complete as they might have been.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

[Queen Insurance Co. of North America v. Vines.]

Action by H. L. Vines against the Queen Insurance Company of North America, on a fire insurance policy. Judgment for plaintiff and defendant appeals. Affirmed.

JOHN T. GLOVER, for appellant. Under the evidence in this case the inventory and the books were not taken and kept as required by the iron safe clause in the policy.—2 Cooley on Insurance, 181; 48 S. W. 559; 67 S. W. 153; 36 S. E. 622; 19 Cyc. 762; 4 Words & Phrases, 3755. Such clause constitutes a warranty and not a mere representation.—27 S. E. 180; 71 Miss. 608; 48 S. W. 559; 74 S. W. 792.

FRANK S. WHITE & SONS, for appellee. Such clauses as the iron safe clause are and should be liberally construed in favor of the assured and strictly against the insurer.—*Young's case,* 57 Ala. 476; *Ga. I. Co. v. Allen,* 119 Ala. 436; *Western Assur Co. v. McGlathery,* 115 Ala. 223. Before the defendant can avail itself of the breach it must show that the plaintiff failed to perform all the conditions, and not just one.—*Conn. F. I. Co. v. Jery,* 83 N. W. 78. The evidence shows a substantial performance of the requirements of the clause, 80 S. W. 56; 78 S. W. 37; *Western Assur. Co. v. McGlathery, supra,* 180 U. S. 136.

MAYFIELD, J.—This is an action on an ordinary fire insurance policy, which contained the "iron safe clause" in usual form. The only defense interposed which is proper to be considered on this appeal is that of a special plea setting up a breach of this "iron safe clause," in that no inventory was made and no books were kept by the insured as required by this clause. A trial was had upon this issue, among others, and resulted

in a judgment for plaintiff, from which the insurance company prosecutes this appeal.

This court has very recently discussed the main questions raised on this appeal, and announced what it conceives to be the law upon the subject of the sufficiency of inventories to comply with this clause of insurance policies; and we deem it unnecessary to restate the law here, deeming it sufficient to refer to that case as the law upon the questions therein decided. The case is that of *Day v. Home Insurance Company,* 176 Ala. 58 South. 549. Under the issues and the evidence in this case the trial court properly declined to instruct the jury to find for the defendant. There was certainly a bona fide attempt on the part of the insured to comply with this clause of the policy requiring the making of inventories and the keeping of books. While the inventories made and the books kept are not as full and complete as they might have been, we are unwilling to hold that there was not a substantial compliance.

The insured testified that he had made a complete inventory of the stock of goods when he purchased his mother's interest therein, and that this was less than 12 months before the policy was issued, and that he made an inventory for the purpose of obtaining the insurance and that thereafter he kept books showing the goods bought and sold thereafter. He turned over one of these inventories, and his books, to the adjusting agents, and the defendant introduced them in evidence; and, while they are probably not as complete and as full as they might have been, had they been prepared by an expert bookkeeper, we think they were sufficient to prevent an avoidance of the policy under this clause. The insured testified that he kept the books in accordance with the instructions given him by the insurance agent when the policy was issued.

Some of the charges requested by the defendant were in bad form. It may be that this occurred because the charges were improperly copied into the transcript. As the charges appear in the transcript, their refusal could not have been injurious to defendant, because they requested the court to instruct the jury that they could not find for the "defendant." But, under the view we take of the case, the refusal would have likewise been proper, if the charges had requested the court to instruct the jury that they could not find for the "plaintiff."

These are the only errors insisted upon, and the result is that the judgment appealed from must be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.